NEAL S. SALISIAN, SBN 240277
neal.salisian@salisianllp.com
JARED T. DENSEN, SBN 325164
jared.densen@salisianllp.com
PATTY W. CHEN, SBN 322992
patty.chen@salisianllp.com
**SALISIAN LLP**
550 South Hope Street, Suite 750
Los Angeles, California 90071-2686
Telephone:   (213) 622-9100
Facsimile:    (800) 622-9145

MICHELLE A. CHIONGSON, SBN 221740
michelle.chiongson@amerisbank.com
**AMERIS BANK**
575 Anton Boulevard, Suite 1080
Costa Mesa, California 92626
Tel: (949) 399-6303

Attorneys for Plaintiff
AMERIS BANK

# THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERIS BANK, a Georgia state-chartered banking corporation,<br><br>Plaintiff<br><br>vs.<br><br>WIRELESS PARTNERS, LLC, a Maine limited liability company,<br><br>Defendant. | Case No.:<br><br>**PLAINTIFF AMERIS BANK'S COMPLAINT FOR:**<br><br>**1. BREACH OF EQUIPMENT FINANCING AGREEMENT** |

COMPLAINT

Plaintiff Ameris Bank, a Georgia state-chartered banking corporation ("Ameris" or "Plaintiff"), alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff Ameris Bank ("Ameris" or "Plaintiff") is, and at all times relevant to this action was, a Georgia state-chartered banking corporation with its principal place of business in Orange County, State of California.

2. Defendant Wireless Partners, LLC ("Wireless"), is, and at all times relevant to this action, was, a Maine limited liability company with its principal place of business in Cumberland County, State of Maine.

3. Based on research, and upon information and belief, defendant Wireless has one member – Robert Parsloe ("Parsloe") – who is a citizen of the State of Maine, based on information and belief, including the Driver's License submitted by Parsloe to Ameris, Parsloe is domiciled in Falmouth, ME 04105. Thus, Wireless is a citizen of the State of Maine.

4. The obligations sued upon herein are commercial in nature, and the Complaint herein is not subject to the provisions of California Civil Code Sections 1801 *et seq.* (Unruh Retail Installment Sales Act) and/or California Civil Code Sections 2981 *et seq.* (Rees-Levering Motor Vehicle Sales and Finance Act).

5. Pursuant to the Equipment Financing Agreement described herein, Defendant agreed that document would be governed by the laws of the State of California. The Equipment Financing Agreement provides, in pertinent part:

> **General.** This Agreement **will be governed and construed under the laws of the State of California** without reference to its principle of conflicts of laws and is deemed to have been made and performed in Orange County, CA. **You submit to the exclusive and mandatory jurisdiction of CA** and agree that the CA state courts and/or the United States District Court for the Central District of California, Santa Ana Division, will have exclusive and mandatory jurisdiction over any action or proceeding to enforce this Agreement or any action or proceeding arising out of this Agreement.

1

Salisian LLP

6.     Jurisdiction.  This Court has jurisdiction over the case pursuant to 28 U.S.C. § 1332(a).

7.     Specifically, as described above, Plaintiff is a citizen of the States of Georgia and California, and Wireless is a citizen of the State of Maine.  As Wireless is neither a citizen of California nor a citizen of Georgia, there exists complete diversity of citizenship between Plaintiff and Defendant.  Lastly, as alleged herein, the amount in controversy exceeds $75,000.

8.     Venue.  Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) and in the Southern Division pursuant to 28 U.S.C. § 84(c)(3).

9.     All officers of the Plaintiff, including all witnesses, and all of the Plaintiff's documents are located in Orange County, State of California.  The transactions at issue in this Action occurred in Orange County, State of California.

## FIRST CAUSE OF ACTION

### (Breach of Equipment Financing Agreement)

### (Against Wireless)

10.     Ameris alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

11.     Prior to March 2025, Ameris is informed and believes that Wireless initiated and engaged with WAV, LLC (the "Equipment Vendor") located at 2380 A Prospect Drive, Aurora, IL 60502, in order to coordinate the acquisition and financing of certain equipment for its business (the "Collateral").  The Equipment Vendor worked with Wireless in the selection of the Collateral and in coordinating its delivery.

12.     Thereafter, Ameris is informed and believes, and therefore alleges, that the Equipment Vendor initiated and coordinated the submission of Wireless' electronic credit application to Ameris and other financial institutions.  Upon review, Wireless concluded that Ameris offered agreeable terms to finance the Collateral commensurate with its requirements.  Thereafter, the Equipment Vendor

COMPLAINT

accumulated and submitted to Ameris the requisite signatories, documentation, and financial information from Wireless to finance the Collateral being supplied by the Equipment Vendor.

13.    On or about March 24, 2025, Wireless executed Equipment Financing Agreement No. 535587-000 (the "EFA"), under the terms of which Ameris loaned to Wireless the sum of One Hundred Thirteen Thousand Four Hundred Fifty-Six Dollars and Zero Cents ($113,456.00) to finance the Collateral for its business.  The EFA required Wireless to make sixty (60) monthly payments of $2,607.42, payable on the 26th day of each month beginning April 26, 2025.  A true and correct copy of the EFA is attached as **Exhibit A** and is incorporated here by reference.

14.    The last payment received by Ameris was credited toward the monthly payment due for February 26, 2026.  Therefore, on or about March 26, 2026, Wireless breached the EFA by failing to make the monthly payment due on that date.  Wireless' failure to make timely payments is a default under the terms of the EFA.

15.    In accordance with the EFA, and as a proximate result of Wireless' default thereunder, Ameris declared the entire balance of payments under the EFA to be immediately due and payable to Ameris.  Therefore, there became due the sum of $125,156.16.  These amounts are exclusive of interest, attorneys' fees and costs, no portion of which sum has been paid by Wireless.

16.    Pursuant to the "Default and Remedies" section on page 3 of the EFA, in the event of a default, Ameris may: "… (c) accelerate and declare all sums due and to become due hereunder immediately due and payable, including all future payments discounted to its present value at a discount rate of three percent (3%)…" Ameris' calculation of the 3% discount is made pursuant to a present-value ("PV") accounting formula that is calculated to discount each future monthly accelerated payment down to what the present value would be in today's dollar figure.  For example, a payment owed exactly one year from today would be discounted by the

3

full 3%, whereas earlier payments would be discounted by less, and further payments would be discounted by more.  Based upon this formula, Ameris calculated that the PV amount due totaled $113,451.13 ("PV'd Total").

17.     In addition to the PV'd Total, between the date of default and the initiation of this action, Defendant owed two (2) past due monthly payments for March 26, 2026 and April 26, 2026, for a total amount of $5,214.84, which was not discounted by the PV calculation in accordance with the explicit terms of the EFA.  Accordingly, there became due the sum of $118,665.97.  These amounts are exclusive of interest, attorneys' fees and costs, no portion of which sum has been paid by Defendants.

18.     Ameris has performed all of the terms, conditions, and covenants required to be performed by it under the terms of the EFA, except as excused or prevented by the conduct of Wireless.

19.     As a proximate result of Wireless' breach of the EFA, Ameris has been damaged in the sum of **$118,665.97**, plus prejudgment interest from March 26, 2026, until the entry of judgment herein.

20.     Further, under the terms of the EFA, Wireless promised to pay all costs, including reasonable attorneys' fees, incurred by Ameris in enforcing the EFA.  Therefore, Ameris requests that the Court award Ameris its reasonable attorneys' fees and costs against Wireless.

21.     The EFA also provides Ameris the remedy of possession of the Collateral and to obtain an order that Ameris may, in accordance with applicable state law, sell the remaining Collateral and apply the net proceeds from the sale to the remaining loan balance.  Alternatively, if possession cannot be had, Ameris is entitled to recover the value of the Collateral.

Salisian LLP

COMPLAINT

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:

**On All Causes of Action:**

1. The sum of $118,665.97;

2. Prejudgment interest from March 26, 2026, to the date of entry of judgment;

3. An order to recover possession of the Collateral which is the subject of the EFA, or if the Collateral cannot be delivered, for its reasonable value according to proof;

4. Reasonable attorneys' fees and costs;

5. Costs of suit as provided by law; and

6. Such other and further relief that the Court considers proper.

DATED: May 27, 2026      **SALISIAN LLP**

By: _____

Jared T. Densen
Patty W. Chen
Neal S. Salisian

*Attorneys for Plaintiff*
AMERIS BANK

COMPLAINT

Salisian LLP